IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES of AMERICA,

v.

WILLIE FRANKLIN,

Defendant.

:
:
:
:
:
:
:
:
:
:
:

CRIMINAL ACTION NO.
1:03-CR-0546-RWS

**ORDER**

This case comes before the Court on Petitioner Willie Franklin's "Petition in *Nunc Pro Tunc* Requesting the Sentencing Court to Declare the Sentencing Reform Act's Mandatory Provisions of 18 U.S.C. § 3553(b) Unconstitutional and Further Remedy as a Result" [11] and Petitioner's "Motion for Reduction of Sentence" [13]. The Court has reviewed the record, and now enters the following Order.

**Background**

Petitioner was accused by information on May 30, 2003 of seven counts of bank robbery. He waived prosecution by indictment on September 23, 2003, and pled guilty to four of the seven counts. (See Waiver of Indictment [3], Guilty Plea and Plea Agreement [4].) The Government, pursuant to a plea agreement, dismissed the remaining three charges. (See Guilty Plea and Plea Agreement [4].) In a judgment entered December 8, 2003, the Court sentenced him to 70 months imprisonment on each of the four counts, to be served concurrently. (See J. in a Crim. Case [8].) He filed no appeal.

Now, approximately two years later, Petitioner moves to have his sentence reconsidered in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which implicates the constitutionality of a sentence handed down under a mandatory reading of the Federal Sentencing Guidelines.

**Discussion**

Petitioner requests that the Court exercise its discretion under Federal Rule of Civil Procedure 60(b) and reconsider his sentence in light of Booker. Rule 60(b), however, "is not an appropriate vehicle for attacking a sentence . . .

." See, e.g., Salcedo v. United States, No. 96 CR.371 DLC, 2003 WL 22137983, at *1 (S.D.N.Y. Sept. 17, 2003).  Rather, the proper procedural mechanisms for challenging the correctness of a criminal sentence imposed by a federal court are Federal Rule of Criminal Procedure 35(a) and 28 U.S.C. § 2255.

By Order dated December 8, 2005, this Court reserved ruling on the instant "Petition in *Nunc Pro Tunc* Requesting the Sentencing Court to Declare the Sentencing Reform Act's Mandatory Provisions of 18 U.S.C. § 3553(b) Unconstitutional and Further Remedy as a Result," and notified Petitioner that, unless withdrawn, it would be characterized as a § 2255 Motion.  The Court stated as follows:

> The Court advises Petitioner that he has the opportunity, within thirty (30) days after the date appearing on this Order, to withdraw his motion or to amend it to include all the claims under § 2255 that he believes he might have.  Should he fail to do so, the Court will at that time characterize his filing as a § 2255 petition, and deny the motion as untimely filed.

(See Order of Dec. 8, 2005 [12] at 4-5.)

Since the entry of that Order, Petitioner has filed a second Motion, captioning it as a "Motion for Reduction of Sentence."  In it, he repeats

3

AO 72A
(Rev.8/82)

that he requests Rule 60(b) relief, rather than relief under § 2255.

As the Court previously stated, it is plain that Rule 60(b) of the Federal Rules of Civil Procedure is unavailable to Petitioner because he seeks to reopen a criminal, and not a civil action.

As the Court has previously indicated, the substantive challenge initiated by Petitioner is properly brought as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  Having previously notified Petitioner pursuant to Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), the Court now **CONSTRUES** Petitioner Willie Franklin's "Petition in *Nunc Pro Tunc* Requesting the Sentencing Court to Declare the Sentencing Reform Act's Mandatory Provisions of 18 U.S.C. § 3553(b) Unconstitutional and Further Remedy as a Result" [11] and Petitioner's "Motion for Reduction of Sentence" [13] as a combined Motion to Vacate Sentence brought under to 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255, movants typically must file a motion seeking relief from a conviction or sentence within one year of "the date on which the judgment of conviction [became] final[.]"  See 28 U.S.C. § 2255, ¶ 6(1). However, a § 2255 motion may be timely if the petitioner brings the motion

4

within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See 28 U.S.C. § 2255, ¶ 6(3).

Given the posture of this case, Petitioner's Motion is untimely. Almost two years passed between the date when Petitioner's conviction became final and the date he filed the instant Motion. Thus, his Motion does not fall within the purview of 28 U.S.C. § 2255, ¶ 6(1). Moreover, the Eleventh Circuit has ruled that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do *not* apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (emphasis in original). Thus, Petitioner may not avail himself of the exceptions contained in 28 U.S.C. § 2255, ¶ 6(1).

Because Petitioner's Motion to Vacate, Set Aside or Correct Sentence is untimely, it is **DENIED**.[1]

---

[1] The Court notes that even if the instant Petition were timely, Varela would, in any event, require its dismissal on the merits.

5

## Conclusion

For the foregoing reasons, and in accordance with its Order of December 8, 2005, the Court **CONSTRUES** Petitioner Willie Franklin's "Petition in *Nunc Pro Tunc* Requesting the Sentencing Court to Declare the Sentencing Reform Act's Mandatory Provisions of 18 U.S.C. § 3553(b) Unconstitutional and Further Remedy as a Result" [11] and Petitioner's "Motion for Reduction of Sentence" [13] as a combined Motion to Vacate Sentence brought pursuant to 28 U.S.C. § 2255. Petitioner's Motion to Vacate Sentence is **DENIED**.

**SO ORDERED** this __4th__ day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)